## SUPREME COURT.

THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF
NEW YORK agt. THE NORTH SHORE STATEN ISLAND FERRY
COMPANY and another.

*Clouds upon title — Piers — Bulk-heads — action to set aside lease thereof —
Pleadings.*

An action in equity may be maintained by the mayor, aldermen and com-
monalty of the city of New York to set aside, as *a cloud upon title,* a
lease of piers, bulk-heads and rights of wharfage made by the *depart-
ment of docks* when the same was not made at public auction and to the
highest bidder.

Piers and bulk-heads and wharves cannot be granted to the exclusive use
of individuals or private corporations.

As the lease of piers and bulk-heads did not confer upon the lessee exclusive
right to their possession, *held,* that an action of ejectment would not
lie. Such action cannot be maintained for an *incorporeal hereditament*
(*Mayor, &c., of New York* agt. *Brooklyn Ferry Company, ante, page* 138).

*Special Term, May,* 1876.

THE plaintiff seeks to recover certain lands under water in
defendant's possession under a lease from the *department of
docks.* The lease is sought to be removed as a *cloud upon
their title.* The defendant demurs to the complaint as not
stating a cause of action.

*James McNamee,* for plaintiff.

*Luther R. Marsh,* for defendant.

VAN VORST, *J.* — The lease in question is not void upon its
face. The facts, which it is claimed by plaintiff's counsel

render it void, are extrinsic to the lease, such as the failure of the dock department to lease the property at public auction to the highest bidder. The omission of this act and others, which it is alleged make the lease invalid, would have to be established by proof on the trial.

In the absence of such proof the public authorities would be presumed to have acted in a legal manner.

To rebut this presumption the contrary must be shown. In such case if the lease be a cloud upon the title the remedy in equity is proper.

The deed, by its terms, purports to lease the pier and bulk-heads, but it does not grant exclusive possession. The piers and bulk-heads must be devoted to public use, and cannot be granted exclusively to individuals or private corporations (*Taylor* agt. *Beebe*, 3 *Robt.*, 262; *Board of Comrs. of Pilots* agt. *Erie Railway Co.*, 5 *id.*, 381; *Radway* v. *Briggs*, 37 *N. Y.*, 256; *Comrs. of Pilots* agt. *Clarke*, 33 *id.*, 251).

In the last case cited it was held that a lease of a public wharf does not confer upon the lessee the exclusive right to its possession, use or control.

By force of the lease the lessee only becomes entitled to the wharfage accruing thereout. The wharf continues a public place.

The pier cannot be so incumbered by the lessee with structures as to interfere with its use by the general public.

The lease in question, it is true, affects real property, but it conveys only an incorporeal hereditament appurtenant to the realty. That is a cloud upon the realty. There is no remedy by ejectment.

It cannot be truly said that the defendant has exclusive possession of real estate and withholds the same. Ejectment cannot be maintained for an incorporeal hereditament (*Rowan* agt. *Kelsey*, 18 *Barb.*, 488).

The demurrer should be overruled with liberty to the defendant to answer on payment of costs.

(*Affirmed*, 9 *Hun*, 620.)